[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1205.]

IN RE DISQUALIFICATION OF CORBIN.

CONRAD ET AL. *v*. BROWN COUNTY GENERAL HOSPITAL.

[Cite as *In re Disqualification of Corbin*, 2000-Ohio-110.]

*Judges—Affidavit of disqualification—Allegation that judge appointed members to defendant county hospital's board of trustees and was the hospital's statutory agent—Judge's appointments are required by statute and are limited—No bias or prejudice shown.*

(No. 00-AP-084—Decided September 28, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Brown County Common Pleas Court case No. CVA990343.

———————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by Catherine S. Neal, counsel for the plaintiffs Barbara and Thomas Conrad, seeking the disqualification of Judge R. Alan Corbin from further proceedings in the above-captioned case.

{¶ 2} Affiant asserts that Judge Corbin should be disqualified from the underlying case because he has appointed members to the board of trustees of the defendant-county hospital and is listed as the hospital's statutory agent. In *In re Disqualification of Morley* (1994), 74 Ohio St.3d 1265, 657 N.E.2d 1363, I denied a request to disqualify a trial judge because he had exercised his statutory authority to appoint commissioners to the board of a public park district. Here, Judge Corbin's appointment of hospital trustees was pursuant to statutory authority contained in R.C. 339.02. Moreover, the judge does not have sole authority to appoint the trustees, but exercises that authority in cooperation with the county commissioners and the judge of the probate division of the court of common pleas.

**{¶ 3}** Similarly, while serving as the county prosecuting attorney, Judge Corbin was the statutory legal advisor to the county hospital board of trustees (see R.C. 309.09[A] and 1950 Atty. Gen. Ops. No. 1981) and would have been the logical choice to serve as the hospital's statutory agent. Absent evidence that Judge Corbin is actively serving as the hospital's statutory agent or obtained some material knowledge regarding the underlying case while serving as the board's legal advisor, the mere fact that the board failed to designate a new statutory agent will not require the judge's disqualification.

**{¶ 4}** For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Corbin.

––––––––––––––––––